1
Christopher A. Carr (#44444)
  ccarr@afrct.com
2
Tim G. Ceperley (#112827)
  tceperley@afrct.com
3
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
4
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
5
Telephone:  (626) 535-1900
Facsimile:   (626) 577-7764
6

7
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
8
Southwest, N.A., f/k/a Wachovia Mortgage,
FSB, f/k/a World Savings Bank, FSB
9
("Wells Fargo") (erroneously sued as "Wells
Fargo Bank, National Association an FDIC
10
insured corporation")

11
UNITED STATES DISTRICT COURT

12
NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

13

14
LIDIA LEONBERGER,

| | |
|---|---|
| 15       Plaintiff, | [The Honorable Jacqueline Scott Corley] |

CASE NO.:  3:13-CV-01114-JSC

16
vs.

17
WELLS FARGO BANK; CAL-WESTERN
RECONVEYANCE CORPORATION; KEVIN
18
ROBERTS,

19
          Defendant.

20

21

**DEFENDANT WELLS FARGO'S NOTICE
OF MOTION AND MOTION TO DISMISS
COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES**

Date:      May 2, 2013
Time:      9:00 a.m.
Ctrm:      F, 15th Floor

22

23
**TO PLAINTIFF:**

24
          **PLEASE TAKE NOTICE THAT** on May 2, 2013, at 9:00 a.m. in Courtroom F, 15th

25
floor of above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California

26
94102, the Honorable Jacqueline Scott Corley presiding, defendant Wells Fargo Bank, N.A.,

27
successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia

28
Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

dismiss plaintiff's Complaint.

Grounds for the motion, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, are as follows:

**1.** **First Cause of Action:  Fraud**

Plaintiff fails to state a claim for fraud because:  (i) the claim is preempted by the *Homeowner's Loan Act* ("HOLA"); and (ii) the complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

**2.** **Second Cause of Action:  Set Aside Trustee's Sale**

Plaintiff fails to state a claim for fraud because: (i) the claim is preempted by HOLA; and (ii) the complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

3. **Third Cause of Action:  Declaratory Relief**

Plaintiff fails to state a claim for declaratory relief because: (i) the claim is preempted by HOLA; and (ii) the complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

4. **Fourth Cause of Action:  Slander of Title**

Plaintiff fails to state a claim for slander of title because: (i) the claim is preempted by HOLA; and (ii). the complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

5. **Fifth Cause of Action:  Violation of Business & Professions Code § 17200**

Plaintiff fails to state a claim for violations of Business & Professions Code § 17200 because: (i) the claim is preempted by HOLA; and (ii) the complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

6. **Sixth Cause of Action:  Violation of Business & Professions Code § 17043**

Plaintiff fails to state a claim for violations of Business & Professions Code § 17043 because: (i) the claim is preempted by HOLA; and (ii) the complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

7. **Seventh Cause of Action:  Civil Conspiracy**

Plaintiff fails to state a claim for civil conspiracy because: (i) the claim is preempted by

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   HOLA; and (ii) the complaint fails to allege facts sufficient to state a claim upon which relief can

2   be granted.

3       8.    **Eighth Cause of Action:  Intentional Infliction of Emotional Distress**

4           Plaintiff fails to state a claim for intentional infliction of emotional distress because:

5   (i) the claim is preempted by HOLA; and (ii) the complaint fails to allege facts sufficient to state

6   a claim upon which relief can be granted.

7       9.    Aiding and Abetting Fraud, Wrongful Foreclosure, and Intentional Infliction of

8   Emotional Distress

9           Plaintiff fails to state a claim for aiding and abetting because: (i) the claim is preempted

10  by HOLA; and (ii) the complaint fails to allege facts sufficient to state a claim upon which relief

11  can be granted

12          The motion is based on this notice, the memorandum of points and authorities, the

13  request for judicial notice and its exhibits, plaintiff's complaint, and on Wells Fargo's argument

14  at the hearing on this motion.

15                                  Respectfully submitted,

16  Dated:  March 19, 2013          ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP
17

18                                  By:   _/s/ Tim G. Ceperley_____
                                        Tim G. Ceperley
19                                      tceperley@afrct.com
                                    Attorneys for Defendant
20                                  WELLS FARGO BANK, N.A., successor by
                                    merger with Wells Fargo Bank Southwest, N.A.,
21                                  f/k/a Wachovia Mortgage, FSB, f/k/a World
                                    Savings Bank, FSB ("Wells Fargo") (erroneously
22                                  sued as "Wells Fargo Bank, National Association
                                    an FDIC insured corporation")
23

24

25

26

27

28

*Sidebar (vertical text):* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

**TABLE OF CONTENTS**

Page

3   MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

4   1.   INTRODUCTION .......................................................................................................... 1

5   2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE
        FACTS ........................................................................................................................... 1

6
        A.   THE LOAN................................................................................................... 1

7
        B.   PLAINTIFF'S DEFAULT AND THE FORECLOSURE................................ 2

8
        C.   THE COMPLAINT ...................................................................................... 2

9
   3.   THE FEDERAL HOME OWNERS' LOAN ACT ("HOLA") PREEMPTS

10       CERTAIN OF PLAINTIFF'S STATE LAW CLAIMS ............................................... 3

11       A.   AS FEDERALLY CHARTERED FEDERAL SAVINGS BANKS,
             WORLD SAVINGS BANK, FSB AND WACHOVIA MORTGAGE,

12           FSB OPERATED UNDER HOLA.................................................................. 3

13       B.   OTS REGULATIONS PROMULGATED UNDER HOLA PREEMPT
             ANY STATE LAWS WHICH AFFECT LOAN ORIGINATION,

14           DISCLOSURES AND LENDING REGULATIONS ......................................... 4

15       C.   VARIOUS TYPES OF STATE LAWS PREEMPTED BY HOLA.................... 4

16       D.   PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY HOLA .......... 4

17           i.    Plaintiff's Claims Relating to Loan Ownership Are Preempted (1st
                   thru 4th Claims) ...............................................................................5

18
             ii.   Plaintiff's Claims For Wrongful Foreclosure Based On Alleged
19                 Failure to Give Required Notices Are Preempted (5th, thru 9th
                   Claims).............................................................................................6

20   4.   PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR FRAUD ........... 6

21   5.   PLAINTIFF HAS ALLEGED NOT FACTS WHICH JUSTIFY SETTING
        ASIDE THE TRUSTEE'S SALE ................................................................................. 7

22
        A.   PLAINTIFF HAS NOT ALLEGED ANY FACTS TO JUSTIFY THE
23           RELIEF SOUGHT ........................................................................................ 7

24       B.   THE SECOND CLAIM FAILS BECAUSE PLAINTIFF HAS NOT
             ALLEGED A TENDER OF THE INDEBTEDNESS........................................ 8

25
   6.   PLAINTIFF HAS NOT ALLEGED ANY FACTS WHICH JUSTIFY
26       DECLARATORY RELIEF ......................................................................................... 9

27   7.   PLAINTIFF ALLEGES NO FACTS REFLECTING SLANDER OF TITLE ............... 9

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

8.      PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER BUSINESS &
        PROFESSIONS CODE § 17200 .................................................................................. 10

9.      PLAINTIFF HAS NOT ALLEGED A CLAIM UNDER BUSINESS &
        PROFESSIONS CODE § 17043 .................................................................................. 11

10.     THE COMPLAINT FAILS TO ALLEGE THE ELEMENTS OF A CIVIL
        CONSPIRACY ........................................................................................................... 12

11.     THE COMPLAINT FAILS TO STATE A CLAIM FOR INTENTIONAL
        INFLICTION OF EMOTIONAL DISTRESS ................................................................ 12

12.     PLAINTIFF'S NINTH CAUSE OF ACTION FOR AIDING AND ABETTING
        IS ENTIRELY DEPENDENT ON THE PRECEDING CLAIMS AND SO FAILS
        FOR THE SAME REASONS ......................................................................................... 13

13.     CONCLUSION ............................................................................................................ 14

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Ahmed v. Wells Fargo Bank,*

5

2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ....................................... 5

6

*Alicea v. GE Money Bank,*

2009 U.S. Dist. LEXIS 60813 (N.D. Cal., July 16, 2009) ...................................... 8

7

*American States Ins. Co. v. Kearns,*

8

15 F.3d 142 (9th Cir. 1993) ...................................................................................... 9

9

*DeLeon v. Wells Fargo Bank, N.A.,*

10

2011 U.S. Dist. LEXIS 8296 *15,16[N.D. Cal. 2011; Koh, J] ............................... 6

11

*Becker v. Wells Fargo Bank N.A.,*

2011 U.S. Dist. LEXIS 29687 (E.D. Cal. Mar. 21, 2011) ...................................... 5

12

*DeLeon v. Wells Fargo Bank, N.A.,*

13

729 F. Supp. 2d 1119 (N.D. Cal. 2010) .................................................................. 4

14

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*

15

100 F. Supp. 2d 1086 (C.D. Cal. 1999) ............................................................... 6, 7

16

*Hunt v. Wells Fargo Bank N.A.,*

2011 U.S. Dist. LEXIS 29110 (N.D. Cal. Mar. 21, 2011) ...................................... 5

17

*Karimi v. Wells Fargo,*

18

2011 U.S. Dist. LEXIS 47902 (C.D. Cal. 2011) ................................................... 13

19

*Moore v. Kayport Package Express, Inc.,*

885 F.2d 531 (9th Cir. 1989) .................................................................................... 7

20

*Perfect 10, Inc. v. Visa Int'l Serv. Assoc.,*

21

494 F.3d 788 (9th Cir. 2007) .................................................................................. 11

22

*Periguerra v. Meridas Capital, Inc.,*

23

2010 U.S. Dist. LEXIS 8082 (N.D. Cal. Jan. 29, 2010) ......................................... 8

24

*Principal Life Insurance Co. v. Robinson,*

394 F.3d 665 (9th Cir. 2005) .................................................................................... 9

25

*Silvas v. E*Trade Mortgage Corp,*

26

514 F.3d 1001 (9th Cir. 2008) .................................................................................. 4

27

*Tina v. Countrywide Home Loans, Inc.,*

28

2008 U.S. Dist. LEXIS 88302 (S.D. Cal. Oct. 30, 2008) ........................................ 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Wickland Oil Terminals v. Asarco, Inc.,*
 792 F.2d 887 (9th Cir. 1986) ............................................................. 9

*Winding v. Cal-Western Reconveyance Corp.,*
 2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011) ....................... 5

*Zlotnik v U.S. Bancorp, et al.,*
 2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) ................... 3

**STATE CASES**

*Abdallah v. United Sav. Bank,*
 43 Cal. App. 4th 1101 (1996) ............................................................. 8

*Aceves v. U.S. Bank, N.A.,*
 192 Cal. App. 4th 218 (2011) ............................................................. 8

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
 7 Cal. 4th 503 (1994) ....................................................................... 12

*Austin B. v. Escondido Union School District,*
 149 Cal. App.4th 860 (2007) ............................................................ 13

*Bay Guardian Co. v. New Times Media LLC,*
 187 Cal. App. 4th 438 (2010) ........................................................... 11

*Butler-Rupp v. Lourdeaux,*
 134 Cal. App. 4th 1220 (2005) ......................................................... 13

*Cadlo v. Owens-Illinois, Inc.,*
 125 Cal. App. 4th 513 (2004) ............................................................. 6

*Christensen v. Superior Court,*
 54 Cal. 3d 868 (1991) ....................................................................... 12

*Doctors' Co. v. Superior Court,*
 49 Cal. 3d 39 (1989) ......................................................................... 12

*Emery v. Visa Int'l Serv. Assoc.,*
 95 Cal. App. 4th 952 (2002) ............................................................. 11

*Favila v. Katten Muchin Rosenman LLP,*
 188 Cal. App. 4th 189 (2010) ........................................................... 12

*Kerr v. Rose,*
 216 Cal. App. 3d 1564 (1990) ........................................................... 12

*Khoury v. Maly's of California, Inc.,*
 14 Cal. App. 4th 612 (1993) ............................................................. 10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Knapp v. Doherty*,
    123 Cal. App. 4th 76 (2004) ...................................................................... 8

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ........................................................................... 10

*Lazar v. Superior Court*,
    12 Cal. 4th 631 (1996) .............................................................................. 7

*Lopez v. World Savings & Loan Association*,
    105 Cal. App. 4th 729 (2003) ................................................................... 4

*McElroy v. Chase Manhattan Mortg. Corp.*,
    134 Cal. App. 4th 388 (2005) ................................................................... 8

*Nguyen v. Calhoun*,
    105 Cal. App. 4th 428 (2003) ................................................................... 8

*Sharp v. Mortgage Sec. Corp. of Am.*,
    215 Cal. 287 (1932) ................................................................................. 8

*Stansfield v. Starkey*,
    220 Cal. App. 3d 59 (1990) ..................................................................... 6

*Truck Ins. Exch. v. Bennett*,
    53 Cal. App. 4th 75 (1997) ...................................................................... 9

*Yu v. Signet Bank/Virginia*,
    69 Cal. App. 4th 1377 (1999) ................................................................. 13

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ............................................................................... 3

28 U.S.C. § 2201 ........................................................................................... 9

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17043 .............................................................. 3, 11

Cal. Bus. & Prof. Code § 17200 ......................................................... 3, 10, 11

Cal. Civ. Code § 2923.5(h)(1) ...................................................................... 10

Cal. Civ. Code § 2924(f)(2)(A) ..................................................................... 12

Cal. Civ. Code § 2924(f)(c) ........................................................................... 8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**RULES**

Fed. R. Civ. P. 9(b) .......................................................................................................... 6, 7

**REGULATIONS**

12 C.F.R. § 545.2 ................................................................................................................ 4

12 C.F.R. § 560.2 ............................................................................................................. 4, 5

12 C.F.R. § 560.2(b) ............................................................................................................ 4

12 C.F.R. § 560.2(b)(4) ....................................................................................................... 4

12 C.F.R. § 560.2(b)(9) ....................................................................................................... 4

12 C.F.R. § 560.2(b)(10) .................................................................................................. 4, 5

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .............................................................. 4

**CONSTITUTIONAL PROVISIONS**

U.S. Const., art. III .............................................................................................................. 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### 1.   INTRODUCTION

3    This action concerns the real property located at 1809 Yolanda Circle in Clayton CA

4    94517 (the "Property").  The Property is security for a loan made by defendant Wells Fargo

5    Bank N.A.'s ("Wells Fargo") predecessor in interest, World Savings Bank, FSB ("World

6    Savings"), to Lidia Leonberger ("plaintiff") in 2006.  Plaintiff has defaulted on the loan, and as a

7    result, Wells Fargo commenced non-judicial foreclosure proceedings against the Property.  The

8    Property was sold to a third party in December of 2012.  This is plaintiff's second action seeking

9    to either prevent or to set aside the sale.  Her first action was dismissed by this court on January

10   18th of this year.  The previous action relied entirely on claims concerning alleged failures to

11   disclose at the time of the loan's origination.  In the instant case, plaintiff seeks both damages as

12   well as equitable relief based the claim that Wells Fargo and the foreclosing trustee, Cal-Western

13   Reconveyance Corporation are not the owners of the subject loan and had no standing to carry

14   out the foreclosure. The plaintiff also alleges certain deficiencies in the foreclosure process.

15   This action was originally filed in state court on December 18, 2012.  Defendant, Wells

16   Fargo, removed the case to this court on the basis of diversity of citizenship on March 12, 2013.

17   The evidence shows that plaintiff has raised no issue concerning any irregularity in the

18   foreclosure process and that Wells Fargo had standing to foreclose as the successor by merger to

19   World Savings.  In addition, plaintiff's state law claims are preempted by the Home Owner's

20   Loan Act ("HOLA").

21   For these and all of the reasons set forth below, Wells Fargo respectfully requests that the

22   Court grant its motion to dismiss, with prejudice.

23   **2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS**

24   **A.   The Loan**

25   Plaintiff borrowed $426,000.00 from World Savings on March 31, 2006.  The loan was

26   documented by a written Adjustable Rate Note (the "note") and secured by a deed of trust on the

27   Property.  (Copies of the note and deed of trust are attached to Wells Fargo's Request for Judicial

28   Notice ("RJN") as Exhibits A & B, respectively.)  The original trustee was Golden West Savings

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 3:13-cv-01114-JSC
MEMO. OF POINTS AND AUTHORITIES

1   Association Service Company ("Golden West").  Plaintiff later acquired an equity line of credit

2   from World Savings; however, that loan was not the basis for the foreclosure and is not material

3   to the issues raised in the complaint.

4          In December 2007, World Savings changed its name to Wachovia Mortgage, FSB.  It

5   changed its name again to Wells Fargo Bank Southwest, N.A. before merging into Wells Fargo

6   Bank, N.A. in November 2009 ("Wells Fargo").  (RJN, Exhs. C, D, E and F are copies of the

7   letters and certificates issued or signed by the Office of Thrift Supervision (the "OTS") or

8   Comptroller of the Currency acknowledging the original federal savings bank charter,

9   authorizing the name change, and approving the merger; RJN, Exh. G is an FDIC printout

10  providing the history of World Savings.)

11  **B.**     **Plaintiff's Default and the Foreclosure**

12         Plaintiff defaulted on the loan beginning on May 15, 2009 and a Notice of Default was

13  recorded with the Contra Costa County Recorder's office on August 2, 2012.  (RJN, Ex. H.)  The

14  Notice of Default reflects that, as of that time, the arrearage was $83,236.  A Notice of Trustee's

15  Sale was recorded on November 8, 2012.  (RJN, Ex. I.)  The Notice set the sale on December 3,

16  2012 and provided that the total amount due on the note was $557,407.39.  (*Id.*)  The sale went

17  forward on the scheduled date and the Property was purchased by a third party. A true and

18  correct copy of the Trustee's Deed on Sale is Exhibit J to the RJN.

19  **C.**     **The Complaint**

20         The complaint is framed in nine causes of action which are preceded by a section of

21  factual allegations.  The introductory allegations, in general terms, condemn the sale as having

22  been illegal and assert that the amount listed in the Notice of Sale, $557,407.39, is not the fair

23  market value of the Property.  (Comp. ¶¶ 8 and 9)  The causes of action themselves may be

24  summarized as follows:

25         •   Fraud: Cal-Western misrepresented that the Notice of Default was validly

26             executed because it had no security interest in the property.

27         •   Set Aside Void Trustee's Sale: The sale is void because the asking price was

28             inadequate;

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

- Declaratory Relief: Seeks a judgment that the trustee's sale is void.
- Slander of Title: The Notice of Sale contains false information.  The claim does not specify exactly what information is false.
- Business and Professions Code §17200:  The allegations of the preceding claims constitute violations of the statute.
- Business and Professions Code §17043:  The property was sold for less than its cost.
- Civil Conspiracy: Defendants conspired to sell the property without notice thus denying the plaintiff an opportunity to cure
- Intentional Infliction of Emotional Distress: Defendant's actions caused the plaintiff to suffer emotional distress including depression and anxiety.
- Aiding and Abetting: Defendants aided each other in committing the above referenced acts.

Each of these claims is fatally flawed as pled and each is also preempted by HOLA.  The following points will first address the extent to which federal preemption bars the claims and then will address the claim other deficiencies.

### 3.    THE FEDERAL HOME OWNERS' LOAN ACT ("HOLA") PREEMPTS CERTAIN OF PLAINTIFF'S STATE LAW CLAIMS

### A.    As Federally Chartered Federal Savings Banks, World Savings Bank, FSB and Wachovia Mortgage, FSB Operated Under HOLA

Plaintiff obtained her home loan from World Savings in October of 2004.  (RJN, Exh. A.)  World Savings Bank, FSB, which was renamed Wachovia Mortgage, FSB and is now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A., was a federal savings bank regulated by the Office of Thrift Supervision ("OTS").  (RJN, Exhs. D through H.)  As such, Wachovia Mortgage was organized and operated under the federal *Home Owners' Loan Act* ("HOLA") at time of origination of the subject loan.  12 *U.S.C.* § 1461, *et seq.*

District Courts have held that where a national association (Wells Fargo Bank, N.A.) is the successor-in-interest to the loan of a federal savings bank (World Savings Bank, FSB), it is proper to apply HOLA preemption.  *Zlotnik v U.S. Bancorp, et al*., 2009 U.S. Dist. LEXIS 119857,  *17-26 (N.D. Cal. Dec. 22, 2009) (J. Hamilton) (noting similar outcome under either

1  National Bank Act or HOLA due to substantial similarity of preemption regulations); *DeLeon v.*

2  *Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) (J. Fogel presiding).

3  **B.     OTS Regulations Promulgated Under HOLA Preempt Any State Laws Which**

4  **Affect Loan Origination, Disclosures and Lending Regulations**

5  Through its regulatory authority, the OTS "occupies the entire field of lending regulation

6  for federal savings associations." 12 C.F.R. § 560.2. OTS regulations issued pursuant to HOLA

7  are "intended to preempt all state laws purporting to regulate any aspect of the lending operations

8  of a federally chartered savings association, whether or not OTS has adopted a regulation

9  governing the precise subpart of the state provision." *Lopez v. World Savings & Loan*

10  *Association*, 105 Cal. App. 4th 729, 738 (2003); *see,* 12 C.F.R. § 545.2.

11  Preemption analysis under HOLA is straightforward and simple, as the OTS Final Rule,

12  61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs. Step one involves determining whether

13  the type of state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b). That federal

14  regulation lists the types of state laws that HOLA preempts. If the type of state law in question

15  appears on the list, the analysis ends there and the law is preempted. There is no step two. As

16  the Ninth Circuit observed in *Silvas v. E*Trade Mortgage Corp*, 514 F.3d 1001, 1004-05 (9th

17  Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given controlling

18  weight." The Court went on to declare that any presumption against preemption of state law

19  does not apply to HOLA.

20  **C.     Various Types of State Laws Preempted by HOLA**

21  Among the regulations that are so "pervasive as to leave no room for state regulatory

22  control" are OTS regulations 560.2(b)(4), (9) and (10). These regulations preempt state laws that

23  would impose requirements on federal savings banks regarding the "**Processing, origination,**

24  **servicing**, **sale** or purchase of, or investment or participation in, **mortgages".** 12 C.F.R.

25  § 560.2(b)(10) (emphasis added).

26  **D.     Plaintiff's State Law Claims Are Preempted by HOLA**

27  All of plaintiff's claims are based, either in whole or in part, on allegations that Wells

28  Fargo or its predecessor did not own the loan or otherwise have standing to foreclose; failed to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

comply with the statutes relating to non-judicial foreclosure; imposed improper fees and made promises concerning a loan modification.  It is well established that HOLA applies to these kinds of state law claims regardless of the claim for relief pleaded.

### i.   Plaintiff's Claims Relating to Loan Ownership Are Preempted (1st thru 4th Claims)

Each of plaintiff's first four causes of action is based on the charge that Cal-Western, allegedly a subsidiary of Wells Fargo, was not the legal owner of the Note or the Deed of Trust.  Claims related to ownership of the note are preempted under section 560.2(b)(10) ["sale or purchase of . . . mortgages" and "servicing"]. (Comp. ¶¶ 15-21)

In *Winding v. Cal-Western Reconveyance Corp*., 2011 U.S. Dist. LEXIS 8962, *33-34 (E.D. Cal. Jan. 21, 2011), the Court confirmed that claims relating to ownership of the note are preempted by HOLA.  ("Wells Fargo characterizes the "heart" of the complaint's claims as "negotiable instrument" transfer and ownership and that allegations to such effect fall within section 560.2(b)(10) as challenge to a "sale or purchase of" a "mortgage" originated by a savings bank.  Wells Fargo is correct that section 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues.  HOLA preemption further warrants dismissal of the complaint's claims given that they address "sale or purchase of . . . or participation in, mortgages.")

Likewise, in *Ahmed v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011), the Court dismissed *with prejudice* claims based on allegations that Wells Fargo "did not possess the promissory note" or "are not the legal owners of the note and Trust Deed" because such claims are preempted by HOLA.  *Id.* at *8-9; *Becker v. Wells Fargo Bank N.A.,* 2011 U.S. Dist. LEXIS 29687, *56-58 (E.D. Cal. Mar. 21, 2011) (HOLA preempted claims based on allegations that defendants were not the "true holder" of the note); *Hunt v. Wells Fargo Bank N.A.*, 2011 U.S. Dist. LEXIS 29110 at *2-3 (N.D. Cal. Mar. 21, 2011);  (HOLA preempted quiet title and slander claims rooted in allegations that Wells Fargo was "not entitled to ownership of the loan").

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

### ii.   Plaintiff's Claims For Wrongful Foreclosure Based On Alleged Failure to

2

### Give Required Notices Are Preempted (5th, thru 9th Claims)

3    Plaintiff's last five claims are based on alleged misrepresentations given in connection

4  with the sale of the Property (Comp. ¶¶ 53 and 66), failing to give notices in connection with the

5  sale (Id.), and listing the Property at an inadequate sale price (Comp. ¶ 60),  These claims are all

6  preempted as concerning the "processing" and "servicing" of mortgages.  In this regard, the court

7  in *DeLeon v. Wells Fargo* Bank*, N.A.* , 2011 U.S. Dist. LEXIS 8296 *15,16[N.D. Cal. 2011;

8  Koh, J] summarized various holdings on the topic as follows:

9        Numerous district courts have held that state laws requiring banks to
provide specific notices or disclosures during the foreclosure process are
10        preempted by HOLA.  **[*16]** *See, e.g.*, *Giordano v. Wachovia Mortg.,
FSB*, No. 5:10-cv-04661-JF, 2010 U.S. Dist. LEXIS 136284, 2010 WL
11        5148428, at *3-4 (N.D. Cal. Dec. 14, 2010) (finding that HOLA preempts
state laws setting forth procedures for filing a notice of default and
12        conducting a foreclosure sale); *Odinma v. Aurora Loan Services*, No. C-
09-4674 EDL, 2010 U.S. Dist. LEXIS 28347, 2010 WL 1199886, at *8
13        (N.D. Cal. Mar. 23, 2010) (holding that state law requiring notice of
default is preempted). This Court agrees that a UCL claim premised on
14        failure to provide adequate notice of a trustee's sale would impose
requirements directly relating to the processing, servicing, or participation
15        in mortgages and is therefore preempted pursuant to 12 C.F.R.
560.2(b)(10).

16

17  This reasoning applies here to the extent that the plaintiff is alleging any failure to give the

18  notices required by the statutes governing non-judicial foreclosure or any irregularity in that

19  regard.

20    **4.   PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR FRAUD**

21    Plaintiff's fraud claim does not meet the particularity requirements of Rule 9(b) and,

22  accordingly, should be dismissed.  The elements of fraud are:  (1) a misrepresentation, which

23  includes a concealment or disclosure; (2) knowledge of the falsity of the misrepresentation, *i.e.*,

24  scienter; (3) justifiable reliance; and (4) resulting damages.  *Cadlo v. Owens-Illinois, Inc.*, 125

25  Cal. App. 4th 513, 519 (2004); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72-73 (1990).

26    Under Rule 9(b), fraud allegations are subject to a higher pleading standard, and must be

27  specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093-

28  1094 (C.D. Cal. 1999) (reciting California elements).  Rule 9(b) mandates the explicit

1   identification of context. "This means the who, what, when, where, and how . . . ." *Id.* at 1094.

2   As for corporate defendants, Rule 9(b) requires a plaintiff to specifically plead: (1) the

3   misrepresentation, (2) the speaker and his or her authority to speak, (3) when and where the

4   statements were made, (4) whether the statements were oral or written, (5) if statements were

5   written, the specific documents containing the representations, and (6) the manner in which the

6   representations were allegedly false or misleading. *Moore v. Kayport Package Express, Inc.*,

7   885 F.2d 531, 549 (9th Cir. 1989); *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996). Vague

8   or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" requirement.

9   Plaintiff's first cause of action does not comply with any of the foregoing rules. The only

10  allegations that might constitute misrepresentations are the statement that Cal-Western was not

11  the legal owner of the Note (Comp. ¶ 15) and that the Notice of Default was falsely represented

12  as having been validly executed (Comp. ¶ 24). The facts of which judicial notice has been

13  requested clearly show that it is Wells Fargo as the successor by merger to World Savings which

14  is the owner of the Note and the beneficiary under the Deed of Trust. (RJN, Ex. H) Cal-Western

15  has acted only as the agent of Wells Fargo and administered the sale as the duly substituted

16  trustee. The complaint does not allege who advised plaintiff that Cal-Western was the owner of

17  the Note and the Notice of Default on its face is accurate in all respects. The claim makes only a

18  conclusory claim that plaintiff relied on the Notice of Default and does not present any

19  explanation as to what plaintiff did or did not do in that respect.

20      **5.   PLAINTIFF HAS ALLEGED NOT FACTS WHICH**

21          **JUSTIFY SETTING ASIDE THE TRUSTEE'S SALE**

22  **A.   Plaintiff Has Not Alleged Any Facts to Justify the Relief Sought**

23      Plaintiff seeks to set aside a foreclosure sale based on two arguments: that there was an

24  irregularity in the sale; and that the asking price was inadequate.. (Comp. ¶ 37.) Neither theory

25  can support the cause of action.

26      As to the first argument, the documents of which judicial notice has been requested show

27  that all of the statutory requites for non-judicial foreclosure have been met. Further, there is no

28  averment in the pleading that plaintiff has been prejudiced in any way. To state a claim for

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    alleged deficiencies in the Notice of Default or any of the foreclosure documents plaintiff must

2    show that she suffered prejudice as a result of those deficiencies. *Knapp v. Doherty*, 123 Cal.

3    App. 4th 76, 93-94 (2004) (upholding a foreclosure sale against technical objections to the notice

4    requirements because "[t]here was no prejudicial procedural irregularity."). This "resulting

5    prejudice" requirement was recently affirmed in *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th

6    218, 232 (2011), where the court affirmed the trial court's order sustaining demurrers related to

7    an irregularity in the notice of default (naming the wrong beneficiary). The court ruled:

8    "Although this contention is factually correct, it is of no legal consequence. *Aceves* did not

9    suffer any prejudice as a result of the error." Here, apart from conclusory claims of harm, no

10   facts are pled showing that plaintiff has been prejudiced in any way.

11       With respect to the second claim, plaintiff has apparently confused the total amount due

12   on the loan as reflected in the Notice of Sale with an "asking price". Civil Code 2924f(c), which

13   specifies the information to be included in a Notice of Sale, requires that the notice state the total

14   amount of the unpaid balance of the loan. That is the amount that is stated in the Notice of Sale.

15   **B.    The Second Claim Fails Because Plaintiff Has Not Alleged a Tender of the**

16          **Indebtedness**

17       To set aside or to enjoin a foreclosure, a plaintiff must establish tender of the full amount

18   of the indebtedness. *See, Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (1996);

19   *Periguerra v. Meridas Capital, Inc.,* 2010 U.S. Dist. LEXIS 8082, *9-12 (N.D. Cal. Jan. 29,

20   2010); *Alicea v. GE Money Bank,* 2009 U.S. Dist. LEXIS 60813 (N.D. Cal., July 16, 2009)

21   ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has

22   taken place, the debtor must allege a credible tender of the amount of the secured debt"); *Sharp*

23   *v. Mortgage Sec. Corp. of Am.,* 215 Cal. 287, 291-292 (1932) (absent tender allegation, demurrer

24   sustained to claim seeking to enjoin foreclosure). "The rules which govern tenders are strict and

25   are strictly applied." *Nguyen v. Calhoun,* 105 Cal. App. 4th 428, 439 (2003). A complaint that

26   does not allege such a tender does not state a cause of action under California law. *McElroy v.*

27   *Chase Manhattan Mortg. Corp.,* 134 Cal. App. 4th 388 (2005) Here, plaintiff makes no

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 reference to a tender and, given her long standing default, it does not seem likely that she has

2 ever intended to do so.

### 6. PLAINTIFF HAS NOT ALLEGED ANY FACTS

### WHICH JUSTIFY DECLARATORY RELIEF

5     The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and

6 other legal relations" of parties to a case of actual controversy. 28 U.S.C. § 2201; *Wickland Oil*

7 *Terminals v. Asarco, Inc.,* 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy"

8 requirement of the DJA is the same as the "case or controversy" requirement of Article III of the

9 United States Constitution. *American States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir.

10 1993). Under the DJA, a two-part test is necessary to determine whether a declaratory

11 judgment is appropriate. *Principal Life Insurance Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir.

12 2005). First, the court must determine if there exists an actual case or controversy within the

13 court's jurisdiction. <u>Id.</u> Second, if so, the court must decide whether to exercise its

14 jurisdiction. <u>Id.</u>   In the latter regard, where the matter to be declared is the subject of other

15 claims in the Complaint.  "[T]he federal court may decline to address a claim for declaratory

16 relief '[w]here the substantive suit would resolve the issue raised by declaratory judgment action,

17 … because the controversy has 'ripened' and the uncertainty and anticipation of litigation are

18 alleviated." *Tina v. Countrywide Home Loans, Inc.,* 2008 U.S. Dist. LEXIS 88302, p. 6 (S.D.

19 Cal. Oct. 30, 2008)(citing *Tempco Elec. Heater Cor. v. Omega Eng'g, Inc.* 819 F.2d 746, 749

20 (7th Cir. 1987)).

21     In this case, the cause of action alleges no new facts and simply incorporates the

22 preceding claims by reference. (Comp. ¶ 40)  As discussed these claims do not give rise to any

23 genuine controversy and in any event, there is no need for declaratory relief because the issues

24 are already made a part of other affirmative claims.

### 7. PLAINTIFF ALLEGES NO FACTS REFLECTING SLANDER OF TITLE

26     Disparagement of title requires, inter alia, publication of some false statement. *Truck Ins.*

27 *Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (1997).  Plaintiff's claim is that the Trustee's Deed On

28 Sale is false because it is based on the Notice of Sale which, plaintiff claims, it is not.  (Comp.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

¶ 41.)  On its face the claim is nonsense, the pleading makes no effort to explain how the Trustee's Deed could not have been based on the Notice of Sale or in what way this recital had any effect on her.  Plaintiff does not dispute her default.  The plaintiff consented to foreclosure as a remedy for her default she they entered into the loan.  (RJN, Ex B at p. 12 section 27.)

## 8.  **PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER BUSINESS & PROFESSIONS CODE § 17200**

A claim under Business & Professions Code § 17200 requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant.  *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1143 (2003).  A plaintiff alleging unfair business practices under the UCL "must state with reasonable particularity the facts supporting the statutory elements of the violation."  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  Each of these three "prongs" is a separate claim and, a complaint must provide facts to describe the manner in which the conduct was unlawful, unfair or fraudulent.  *Id.*  In this case, plaintiff is alleging a statutory violation based on six alleged types of unlawful conduct.  (Comp. ¶ 53(1)-(6)).  A review of each reveals that none can support this claim:

(i)      Misrepresenting that the Property was worth less than the Promissory Note:  Again plaintiff has simply misconstrued the Notice of Sale which properly reflects the total amount due on the loan as required by California law..

(ii)      Misrepresenting the date of sale.:  The Notice of Sale correctly states the date of sale as December 3, 2012.  That is the date the property was sold. (RJN Exs.I and J)

(iii)      Misrepresenting that plaintiff would be notified of the sale date:  The pleading offer no explanation as to how plaintiff might have been misled.  The Notice of Sale correctly stated the actual sale date.  No other notice is required..

(iv)      Recording fraudulent documents:  The claim, again, fails to describe what is meant here.  Assuming that the concern is with Cal-Western's status as the "owner" of the note, as explained above Cal-Western is not the owner rather has acted as the bank's agent and trustee in connection with the foreclosure.  The facts are undisputed that plaintiff has been in default on

1   the loan for well in excess of three years and, as a result, non-judicial foreclosure against the

2   Property has begun.  All of the documents referred by the complaint reflect the proper exercise

3   of the lender's right to have the Property sold as a result of the default.

4        (v)     Unfair non-disclosure of the sale price to plaintiff and the public:  Again the

5   allegation on its face makes no sense.  The Property was sold at public auction as required by

6   statue.

7        (vi)    Intentionally proceeding with a fraudulent sale: Beyond the theories debunked

8   above plaintiff does not deign to allege just how the sale was fraudulent.

9        Because the plaintiff has failed to identify any fraudulent unlawful or unfair conduct and

10  further because the allegations lack specificity the claim fails.

11       In addition, the foregoing list of generalities she asserts apply to all of the defendants.

12  (Comp. ¶53.)  Plaintiff has not stated the facts with particularity, identified which defendant did

13  what, when the alleged acts or omissions took place, or how she was harmed by them.  Wells

14  Fargo is not required to defend against allegations of "Defendants" or "Defendants' conduct."  In

15  fact, Wells Fargo cannot be held liable for the acts of the other defendants.  Neither a secondary

16  liability theory nor an aiding and abetting theory may be used to impose liability under Section

17  17200.  *Emery v. Visa Int'l Serv. Assoc.*, 95 Cal. App. 4th 952, 964 (2002); *see also*, *Perfect 10*,

18  *Inc. v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 808-809 (9th Cir. 2007) (affirming dismissal of a

19  UCL claim against a defendant alleged to have secondary or aiding and abetting liability only).

20           **9.    PLAINTIFF HAS NOT ALLEGED A CLAIM UNDER**

21               **BUSINESS & PROFESSIONS CODE § 17043**

22       The claim is that Wells Fargo allowed the plaintiff's home to be sold for an amount that

23  is less than its cost, thus violating the predatory pricing prohibition of Business & Professions

24  Code § 17043.  (Comp. ¶ 60.)  That section requires a that a defendant have a specific intent to

25  harm competition by selling an article below its cost.  *Bay Guardian Co. v. New Times Media*

26  *LLC* 187 Cal. App. 4th 438, (2010).  The only competitor mentioned by the complaint is the

27  plaintiff.  (Comp. ¶ 60.)  Ms. Leonberger is, obviously, not a competitor of Wells Fargo.

28  Further, the purpose of the sale of plaintiff's Property had nothing to do with impacting

competition.  A trustee's sale, such as this one, involves the foreclosure of a lien representing

security for a loan.  Civil Code § 2924f(2)(A)  The purpose of the statutorily authorized sale is to

satisfy that lien.  This is done by competitive bidding against the unsatisfied amount of the lien

not against a determination as to what the cost of the subject property might have been.

### 10.  THE COMPLAINT FAILS TO ALLEGE THE ELEMENTS OF A CIVIL CONSPIRACY

The seventh claim does not state a viable claim because conspiracy is not an independent

cause of action.  It is a legal doctrine that only operates where an actual tort has been committed.

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd*., 7 Cal. 4th 503, 511 (1994).  In *Applied*

*Equipment Corp*., the California Supreme Court held:

> Standing alone, a conspiracy does no harm and engenders no tort liability.
> It must be activated by the commission of an actual tort.  A civil
> conspiracy, however atrocious, does not per se give rise to a cause of
> action unless a civil wrong has been committed resulting in damage.
> (*Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39, 44…).  *Id*. at 511.

Not only must a wrongful act itself be committed but damages must result therefrom.

*Kerr v. Rose*, 216 Cal. App. 3d 1564 (1990).  Where, as here, fraud is alleged to be the object of

the conspiracy (Comp. ¶ 63), the claim must be pleaded with particularly - *i.e*., "how, when,

where, to whom, and by what means, the representations were tendered."  *Favila v. Katten*

*Muchin Rosenman LLP*, 188 Cal. App. 4th 189, 211 (2010).  As discussed, the plaintiff has failed

to plead the required elements of fraud and has failed to plead any other viable claim for relief.

### 11.  THE COMPLAINT FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The elements of intentional infliction of emotional distress are:

> (1) extreme and outrageous conduct by the defendant with the intent of
> causing, or reckless disregard of the probability of causing, emotional
> distress; (2) the plaintiff's suffering severe or extreme emotional distress;
> and (3) actual and proximate causation of the emotional distress by the
> defendant's outrageous conduct . . . .  Conduct to be outrageous must be so
> extreme as to exceed all bounds of that usually tolerated in a civilized
> community.

*Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) (internal quotations and citations

omitted).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Here, the claim is that Wells Fargo acted outrageously by selling the Property without

2    notice.  (Comp. ¶ 76.)  The facts, as established by documents of which judicial notice has been

3    requested, are that all statutorily required notices were given in the appropriate form.  (RJN,

4    Exs. H-I.)  Wells Fargo is entitled to pursue its own economic interests by pursuing foreclosure.

5    "An assertion of legal rights in pursuit of one's own economic interests does not qualify as

6    'outrageous' under this standard."  *Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th 1377, 1398

7    (1999); *accord Karimi v. Wells Fargo*, 2011 U.S. Dist. LEXIS 47902, at **5-6 (C.D. Cal. 2011).

8    Finally, plaintiff does not allege any physical injury.  "[I]n the absence of physical injury,

9    the courts have never allowed recovery of damages for emotional distress arising solely from

10   property damage or economic injury to the plaintiff." *Butler-Rupp v. Lourdeaux*, 134 Cal. App.

11   4th 1220, 1228 (2005)(citation omitted).

12   **12.   PLAINTIFF'S NINTH CAUSE OF ACTION FOR AIDING AND ABETTING IS**

13   **ENTIRELY DEPENDENT ON THE PRECEDING CLAIMS AND SO FAILS**

14   **FOR THE SAME REASONS**

15   Like civil conspiracy, aiding and abetting is not in and of itself a cause of action; rather, it

16   is yet another theory seeking to establish vicarious liability for the alleged wrongful acts of

17   others.  *See*, *Austin B. v. Escondido Union School District* 149 Cal.App.4th 860, 879 (2007)  The

18   plaintiff's aiding and abetting claim suffers from the same manifest defect as did the civil

19   conspiracy claim, there is no underlying tort and so nothing that any of the defendants could

20   have aided or abetted.  Without some allegation of  wrongful conduct, the claim cannot stand.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

13.  **CONCLUSION**

For all the foregoing reasons, defendant respectfully requests that the motion to dismiss be granted.

Respectfully submitted,

Dated:  March 19, 2013                ANGLIN, FLEWELLING, RASMUSSEN,
                                      CAMPBELL & TRYTTEN LLP


By:   /s/ Tim G. Ceperley
      Tim G. Ceperley
      tceperley@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage, FSB, f/k/a World
Savings Bank, FSB ("Wells Fargo") (erroneously
sued as "Wells Fargo Bank, National Association
an FDIC insured corporation")

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

*Plaintiff Pro Se*

Lidia Leonberger
1809 Yolanda Circle
Clayton, CA 94517

Tel:  (925) 567-4228

☒   **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **March 19, 2013.**

| | |
|---|---|
| Leslie Coumans | */s/ Leslie Coumans* |
| (Type or Print Name) | (Signature of Declarant) |

CASE NO.: 3:13-cv-01114-JSC
CERTIFICATE OF SERVICE

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP