1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

| | |
|---|---|
| LIDIA LEONBERGER,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK; CAL-WESTERN RECONVEYANCE CORPORATION; KEVIN ROBERTS,<br><br>        Defendants. | CASE NO.:  4:13-CV-01114-PJH<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND** |

16

17

18

19

20

21

        The motion of defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued as "Wells Fargo Bank, National Association an FDIC insured corporation") to dismiss the Complaint came on regularly for hearing on June 12, 2013 at 9:00 a.m. in Courtroom 3 of the above-captioned Court, the Honorable Phyllis J. Hamilton presiding. Plaintiff did not appear at the hearing.

22

23

        The Court, having read and considered the motion, the accompanying request for judicial notice, and all opposition and reply papers, finds as follows:

24

**1.     THE REQUEST FOR JUDICIAL NOTICE**

25

26

27

        The plaintiff has not objected to the defendant's request that the court take judicial notice of various documents reflecting the loan, foreclosure process, and Wells Fargo's status as the successor by merger to the original lender World Savings Bank FSB.  The court finds that these

28

1  documents are appropriate for judicial notice and GRANTS defendant's request.

2  **2.  <u>LEGAL STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(B)(6)</u>**

3  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

4  alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review

5  is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument

6  Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a

7  claim, a complaint generally must satisfy only the minimal notice pleading requirements of

8  Federal Rule of Civil Procedure 8, which requires only that the complaint include a "short and

9  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

10  8(a)(2).  Specific facts are unnecessary – the statement need only give the defendant "fair notice

11  of the claim and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

12  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

13  All allegations of material fact are taken as true. *Id*. at 94.  However, legally conclusory

14  statements, not supported by actual factual allegations, need not be accepted. *See, Ashcroft v.

15  Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949-50 (2009).  A plaintiff's obligation to provide the

16  grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic

17  recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations

18  and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right

19  to relief above the speculative level." *Id*.

20  In addition, when resolving a motion to dismiss for failure to state a claim, the court may

21  not generally consider materials outside the pleadings, although the court may consider a matter

22  that is properly the subject of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89

23  (9th Cir. 2001); *see also, Mack v. South Bay Beer Distributors, Inc.*, 798 F. 2d 1279, 1282 (9th

24  Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of

25  public record and doing so does not convert a Rule 12(b)(6) motion to one for summary

26  judgment).  Additionally, the court may consider exhibits attached to the complaint, *see, Hal

27  Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and

28  documents referenced by the complaint and accepted by all parties as authentic. *See, Van

1   *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

2          Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall

3   be stated with particularity."  Fed. R. Civ. P. 9(b).  Under Rule 9(b), the complaint must allege

4   specific facts regarding the fraudulent activity, such as the time, date, place, and content of the

5   alleged fraudulent representation, how or why the representation was false or misleading, and in

6   some cases, the identity of the person engaged in the fraud.  *In re GlenFed Sec. Litig.*, 42 F.3d

7   1541, 1547-49 (9th Cir.1994).

8                                    **3.   FRAUD**

9          The elements of fraud are:  (1) a misrepresentation, which includes a concealment or

10  disclosure; (2) knowledge of the falsity of the misrepresentation, *i.e.*, scienter; (3) justifiable

11  reliance; and (4) resulting damages.  *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519

12  (2004); *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72-73 (1990).

13         Under Rule 9(b), fraud allegations are subject to a higher pleading standard, and must be

14  specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093-

15  1094 (C.D. Cal. 1999) (reciting California elements).  Rule 9(b) mandates the explicit

16  identification of context.  "This means the who, what, when, where, and how . . . ."  *Id.* at 1094.

17  As for corporate defendants, Rule 9(b) requires a plaintiff to specifically plead:  (1) the

18  misrepresentation, (2) the speaker and his or her authority to speak, (3) when and where the

19  statements were made, (4) whether the statements were oral or written, (5) if statements were

20  written, the specific documents containing the representations, and (6) the manner in which the

21  representations were allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*,

22  885 F.2d 531, 549 (9th Cir. 1989); *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996).  Vague

23  or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" requirement.

24  **A.     The Representations**

25         Plaintiff's first cause of action does not comply with the specificity requirements of Rule

26  9(b).  Plaintiff does not clearly identify the misrepresentations she claims were made, who made

27  them how or how they were communicated.  The only allegations that might constitute

28  misrepresentations are the statement that Cal-Western was not the legal owner of the Note

1    (Comp. ¶ 15) and that the Notice of Default was falsely represented as having been validly

2    executed (Comp. ¶ 24).  The facts of which judicial notice has been requested clearly show that it

3    is Wells Fargo as the successor by merger to World Savings which is the owner of the Note and

4    the beneficiary under the Deed of Trust.  (RJN, Ex. H.)  Cal-Western has acted only as the agent

5    of Wells Fargo and administered the sale as the duly substituted trustee.

6    **B.    Reliance**

7        The claim makes only a conclusory claim that plaintiff relied on the Notice of Default.  In

8    order to allege reliance with the required specificity the plaintiff must explain exactly what she

9    did or did not do because of the misrepresentations she claims were made.  In addition, she must

10   allege what harm she suffered because of that reliance.

11                    **4.    SETTING ASIDE THE TRUSTEE'S SALE**

12   **A.    Irregularity in the Sale**

13       Plaintiff seeks to set aside a foreclosure sale based on two arguments: that there was an

14   irregularity in the sale; and that the asking price was inadequate.  (Comp. ¶ 3.)  Plaintiff has not

15   stated facts sufficient to support the claim under either theory.

16       As to the first argument, the documents of which judicial notice has been taken show that

17   all of the statutory requisites for non-judicial foreclosure have been met.  Further, there is no

18   averment in the pleading that plaintiff has been prejudiced in any way.  To state a claim for

19   alleged deficiencies in the Notice of Default or any of the foreclosure documents, plaintiff must

20   show that she suffered prejudice as a result of those deficiencies.  *Knapp v. Doherty*, 123 Cal.

21   App. 4th 76, 93-94 (2004) (upholding a foreclosure sale against technical objections to the notice

22   requirements because "[t]here was no prejudicial procedural irregularity.").  This "resulting

23   prejudice" requirement was recently affirmed in *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th

24   218, 232 (2011), where the court affirmed the trial court's order sustaining demurrers related to

25   an irregularity in the notice of default (naming the wrong beneficiary).  The court ruled:

26   "Although this contention is factually correct, it is of no legal consequence.  *Aceves* did not

27   suffer any prejudice as a result of the error."  Here, apart from conclusory claims of harm, no

28   facts are pled showing that plaintiff has been prejudiced in any way.

**B.**    <u>The Asking Price</u>

With respect to the second claim, plaintiff has apparently confused the total amount due on the loan as reflected in the Notice of Sale with an "asking price". Civil Code 2924f(c), which specifies the information to be included in a Notice of Sale, requires that the notice state the total amount of the unpaid balance of the loan. Plaintiff does not allege that the Notice of Sale is in accurate in this regard. In any amended pleading the plaintiff must specify exactly what it is that is being claimed as a defect in the non-judicial foreclosure process as well as its prejudicial impact on her.

**C.**    <u>Tender of the Indebtedness</u>

To set aside or to enjoin a foreclosure, a plaintiff must establish tender of the full amount of the indebtedness. *See, Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (1996); *Periguerra v. Meridas Capital, Inc.,* 2010 U.S. Dist. LEXIS 8082, *9-12 (N.D. Cal. Jan. 29, 2010); *Alicea v. GE Money Bank,* 2009 U.S. Dist. LEXIS 60813 (N.D. Cal., July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt"); *Sharp v. Mortgage Sec. Corp. of Am.,* 215 Cal. 287, 291-292 (1932) (absent tender allegation, demurrer sustained to claim seeking to enjoin foreclosure). "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun,* 105 Cal. App. 4th 428, 439 (2003). A complaint that does not allege such a tender does not state a cause of action under California law. *McElroy v. Chase Manhattan Mortg. Corp.,* 134 Cal. App. 4th 388 (2005). Here, plaintiff makes no reference to a tender. If the claim is amended, plaintiff must allege facts which either reflect that a valid tender has been made or the reasons why that requirement should be excused.

## 5.    DECLARATORY RELIEF

The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and other legal relations" of parties to a case of actual controversy. 28 U.S.C. § 2201; *Wickland Oil Terminals v. Asarco, Inc.,* 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the DJA is the same as the "case or controversy" requirement of Article III of the United States Constitution. *American States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir.

1  1993).  Under the DJA, a two-part test is necessary to determine whether a declaratory

2  judgment is appropriate.  *Principal Life Insurance Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir.

3  2005).  First, the court must determine if there exists an actual case or controversy within the

4  court's jurisdiction.  *Id.*  Second, if so, the court must decide whether to exercise its

5  jurisdiction.  *Id.*  In the latter regard, where the matter to be declared is the subject of other

6  claims in the Complaint.  "[T[he federal court may decline to address a claim for declaratory

7  relief '[w]here the substantive suit would resolve the issue raised by declaratory judgment action,

8  … because the controversy has 'ripened' and the uncertainty and anticipation of litigation are

9  alleviated."  *Tina v. Countrywide Home Loans, Inc.,* 2008 U.S. Dist. LEXIS 88302, *6 (S.D. Cal.

10  Oct. 30, 2008) (citing *Tempco Elec. Heater Cor. v. Omega Eng'g, Inc.* 819 F.2d 746, 749 (7th

11  Cir. 1987)).

12         In this case, the cause of action alleges no new facts and simply incorporates the

13  preceding claims by reference.  (Comp. ¶ 40.)  As discussed, these claims do not give rise to any

14  genuine controversy and in any event, there is no need for declaratory relief because the issues

15  are already made a part of other affirmative claims.

16                              **6.   SLANDER OF TITLE**

17         A slander or disparagement of title requires, inter alia, publication of some false

18  statement.  *Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (1997).  Plaintiff's claim is that

19  the Trustee's Deed On Sale is false because it is based on the Notice of Sale which, plaintiff

20  claims, it is not.  (Comp. ¶ 41.)  The pleading makes no effort to explain how the Trustee's Deed

21  could not have been based on the Notice of Sale or in what way this recital had any effect on her.

22  Plaintiff does not dispute her default.  The plaintiff consented to foreclosure as a remedy for her

23  default when she entered into the loan.  (RJN, Ex B at p. 12 section 27.)  These issues must be

24  addressed in any amended pleading.

25                 **7.   BUSINESS & PROFESSIONS CODE SECTION 17200**

26         A claim under Business & Professions Code § 17200 requires an allegation of particular

27  facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the

28  defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).  A

1    plaintiff alleging unfair business practices under the UCL "must state with reasonable

2    particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of*

3    *California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  Each of these three "prongs" is a separate

4    claim and, a complaint must provide facts to describe the manner in which the conduct was

5    unlawful, unfair or fraudulent. *Id.*  In this case, plaintiff is alleging a statutory violation based on

6    six alleged types of unlawful conduct.  (Comp. ¶ 53(1)-(6).)  As alleged, these do not state a

7    claim for the following reasons.

8         (i)   Misrepresenting that the Property was worth less than the Promissory Note:  It

9    appears that, plaintiff has simply misconstrued the Notice of Sale which properly reflects the

10   total amount due on the loan as required by California law.

11        (ii)   Misrepresenting the date of sale:  The Notice of Sale correctly states the date of

12   sale as December 3, 2012.  That is the date the property was sold. (RJN Exs. I and J.)

13        (iii)   Misrepresenting that plaintiff would be notified of the sale date:  The pleading

14   offers no explanation as to how plaintiff might have been misled.  The Notice of Sale correctly

15   stated the actual sale date.  No other notice is required.

16        (iv)   Recording fraudulent documents:  The claim, again, fails to describe what is

17   meant here.  Assuming that the concern is with Cal-Western's status as the "owner" of the note,

18   as explained above, Cal-Western is not the owner and rather has acted as the bank's agent and

19   trustee in connection with the foreclosure.

20        (v)   Unfair non-disclosure of the sale price to plaintiff and the public:  The Property

21   was sold at public auction as required by statute.  Plaintiff has not adequately described a defect

22   in the process or how she was affected.

23        (vi)   Intentionally proceeding with a fraudulent sale: Beyond the theories debunked

24   above, plaintiff does not allege just how the sale was fraudulent.

25        In addition, the foregoing list of generalities she asserts apply to all of the defendants.

26   (Comp. ¶ 53.)  Plaintiff has not stated the facts with particularity, identified which defendant did

27   what, when the alleged acts or omissions took place, or how she was harmed by them.  Wells

28   Fargo is not required to defend against allegations of "Defendants" or "Defendants' conduct."

1    As a matter of law, in a claim under Business & Professions Code 17200, Wells Fargo cannot be

2    held liable for the acts of the other defendants.  *Emery v. Visa Int'l Serv. Assoc.*, 95 Cal. App. 4th

3    952, 964 (2002); *see also*, *Perfect 10, Inc. v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 808-809 (9th

4    Cir. 2007).

5                        **8.    BUSINESS & PROFESSIONS CODE 17043**

6           The claim is that Wells Fargo allowed the plaintiff's home to be sold for an amount that

7    is less than its cost, thus violating the predatory pricing prohibition of Business & Professions

8    Code § 17043.  (Comp. ¶ 60.)  That section requires that a defendant have a specific intent to

9    harm competition by selling an article below its cost.  *Bay Guardian Co. v. New Times Media*

10   *LLC* 187 Cal. App. 4th 438, (2010).  The only competitor mentioned by the complaint is the

11   plaintiff.  (Comp. ¶ 60.)  Plaintiff alleges no facts which show that she is a competitor of Wells

12   Fargo.  Further, there is no explanation as to how the sale of plaintiff's Property impacted

13   competition.  A trustee's sale, such as this one, involves the foreclosure of a lien representing

14   security for a loan.  Civil Code § 2924f(2)(A)  The purpose of the statutorily authorized sale is to

15   satisfy that lien.  This is done by competitive bidding against the unsatisfied amount of the lien,

16   not against a determination as to what the cost of the subject property might have been.

17                                    **9.    CONSPIRACY**

18          Conspiracy is not itself an independent cause of action.  It is a legal doctrine that only

19   operates where an actual tort has been committed.  *Applied Equipment Corp. v. Litton Saudi*

20   *Arabia Ltd*., 7 Cal. 4th 503, 511 (1994).  In *Applied Equipment Corp*., the California Supreme

21   Court held:

22                     Standing alone, a conspiracy does no harm and engenders no tort
                       liability.  It must be activated by the commission of an actual tort.
23                     A civil conspiracy, however atrocious, does not per se give rise to
                       a cause of action unless a civil wrong has been committed resulting
24                     in damage.  (*Doctors' Co. v. Superior Court* (1989) 49 Cal. 3d 39,
                       44…).
25   *Id*. at 511.

26          Not only must a wrongful act itself be committed but damages must result therefrom.

27   *Kerr v. Rose*, 216 Cal. App. 3d 1564 (1990).  Where, as here, fraud is alleged to be the object of

28   the conspiracy (Comp. ¶ 63), the claim must be pleaded with particularly - *i.e*., "how, when,

1   where, to whom, and by what means, the representations were tendered." *Favila v. Katten*

2   *Muchin Rosenman LLP*, 188 Cal. App. 4th 189, 211 (2010).  As discussed, the plaintiff has failed

3   to plead the required elements of fraud and has failed to plead any other viable claim for relief.

4   ### 10.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5       The elements of intentional infliction of emotional distress are:

6   > (1) extreme and outrageous conduct by the defendant with the
7   > intent of causing, or reckless disregard of the probability of
   > causing, emotional distress; (2) the plaintiff's suffering severe or
   > extreme emotional distress; and (3) actual and proximate causation
8   > of the emotional distress by the defendant's outrageous conduct
   > .Conduct to be outrageous must be so extreme as to exceed all
9   > bounds of that usually tolerated in a civilized community.

10  *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) (internal quotations and citations

11  omitted).

12      Here, the claim is that Wells Fargo acted outrageously by selling the Property without

13  notice.  (Comp. ¶ 76.)  The facts, as established by documents of which judicial notice has been

14  requested, are that all statutorily required notices were given in the appropriate form.  (RJN,

15  Exs. H-I.)  Wells Fargo is entitled to pursue its own economic interests by pursuing foreclosure.

16  "An assertion of legal rights in pursuit of one's own economic interests does not qualify as

17  'outrageous' under this standard."  *Yu v. Signet Bank/Virginia*, 69 Cal. App. 4th 1377, 1398

18  (1999); *accord Karimi v. Wells Fargo*, 2011 U.S. Dist. LEXIS 47902, *5-6 (C.D. Cal. May 4,

19  2011).

20      Finally, plaintiff does not allege any physical injury.  "[I]n the absence of physical injury,

21  the courts have never allowed recovery of damages for emotional distress arising solely from

22  property damage or economic injury to the plaintiff."  *Butler-Rupp v. Lourdeaux*, 134 Cal. App.

23  4th 1220, 1228 (2005)(citation omitted).

24  ### 11.   AIDING AND ABETTING

25      Like civil conspiracy, aiding and abetting is not in and of itself a cause of action; rather, it

26  is another theory seeking to establish vicarious liability for the alleged wrongful acts of others.

27  *See*, *Austin B. v. Escondido Union School District* 149 Cal. App. 4th 860, 879 (2007).  As was

28  true of the conspiracy claim, the plaintiff must allege an underlying wrong in order to support

this claim.

## **ACCORDINGLY, IT IS HEREBY ORDERED:**

Wells Fargo's motion to dismiss is GRANTED with leave to amend.  The amended complaint shall be filed no later than July 26, 2013, and any response shall be filed within 21 days thereafter.  The amended complaint must comply with this order and no additional claims or parties may be added without leave of court.


Dated:  June 25, 2013

_____
HONORABLE [ ] HAMILTON
UNITED STATES [ ] JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton

CASE NO.:  4:13-CV-01114-PJH
ORDER GRANTING MOTION TO DISMISS