UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIDIA LEONBERGER,

    Plaintiff,

    v.

WELLS FARGO BANK, et al.,

    Defendants.

_____/

No. C 13-1114 PJH

**ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE**

    Plaintiff Lidia Leonberger ("plaintiff") filed the above-entitled action on December 18, 2012, in the Superior Court of California, county of Contra Costa. On March 12, 2013, defendant Wells Fargo Bank ("defendant") removed the action to this court. On March 19, 2013, defendant filed a motion to dismiss for failure to state a claim. Plaintiff did not oppose or otherwise respond to the motion, and did not appear at the hearing on June 12, 2013. The court granted the motion on June 25, 2013, but with leave to amend, so that plaintiff could attempt to cure the deficiencies of the complaint. Plaintiff was given until July 26, 2013 to file an amended complaint. Plaintiff did not file an amended complaint by that date, and on August 16, 2013, defendant filed another motion to dismiss, this time based on plaintiff's failure to comply with a court order. As of this date, plaintiff has not responded to this second motion to dismiss, nor has she attempted to comply with the court's previous order by filing an amended complaint.

    When considering whether to dismiss an action pursuant to Rule 41(b) for failure to comply with a court order, the court considers (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and

(5) the availability of less drastic sanctions.  <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986).

Under Rule 41(b), plaintiffs are required to prosecute their case with reasonable diligence.  <u>Moore v. Telfon Communications Corp.</u>, 589 F.2d 959, 967 (9th Cir. 1978).  The court considers the same five factors in considering whether to dismiss a case for failure to prosecute.

Here, the first three factors favor dismissal.  The public's interest in expeditious resolution of litigation always favors dismissal.  <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999).  The court's need to manage its docket also favors dismissal.  As explained above, plaintiff has had numerous opportunities to oppose dismissal, but has not done so.  Plaintiff has offered no excuse for her failure to prosecute her claims or for her complete disregard for court orders.  Under these circumstances, the delay is unreasonable and creates a presumption of prejudice to defendants.  <u>Henderson</u>, 779 F.2d at 1423.  Without any commitment by plaintiff to proceed with the case, this risk of prejudice favors dismissal.

As to the fourth factor, the court has already issued a detailed order that addressed plaintiff's claims on the merits.  The court granted leave to amend, but plaintiff did not file an amended complaint remedying the deficiencies identified in the court's order.  Finally, as for the availability of less drastic alternatives, the court finds that in light of plaintiff's failure to appear, there is no alternative to dismissing the case.

Accordingly, the court finds that this case must be dismissed under Rule 41(b).  The September 25, 2013 hearing on defendant's motion to dismiss is VACATED.

**IT IS SO ORDERED.**

Dated: September 19, 2013

PHYLLIS J. HAMILTON
United States District Judge

2